UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR KEEYLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-03251-JPH-DLP |
| | ) |
| MYERS, | ) |
| PAUL TALBOT, | ) |
| WEXFORD HEALTH SERVICES, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DENYING POST-JUDGMENT MOTION TO RECONSIDER**

Plaintiff Victor Keeylen began this civil rights action by filing a motion for leave to proceed *in forma pauperis.* The Entry of August 28, 2019, identified two false statements in that motion and gave the plaintiff a period of time to show cause why this action should not be dismissed as a sanction for submitting false information to the Court. No response from Mr. Keeylen was filed. On November 20, 2019, the Court dismissed this action with prejudice. The Court explained:

> Of primary concern is [plaintiff's] representation that he has a current balance of zero dollars. This statement is material, because if true, Mr. Keeylen would be permitted to proceed *in forma pauperis* without the prepayment of an initial partial filing fee and the collection order that necessarily follows pursuant to 28 U.S.C. § 1915(b)(2). Mr. Keeylen had an opportunity to explain this error but failed to do so. Accordingly, this Court finds that Mr. Keeylen's statement that he has zero dollars in his trust account is a material false statement made with fraudulent intent to deceive the Court to avoid paying the filing fee. *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 880 (7th Cir. 2019) (stating "district courts remain empowered to sanction extreme bad-faith conduct.").

Dkt. 6 at 2.

On December 5, 2019, Mr. Keeylen filed a motion to reconsider. Mr. Keeylen states that he did file a timely response explaining the errors in his *in forma pauperis* motion, but that law library staff must have failed to E-file that document.

The motion to reconsider the dismissal of this action was filed within 28 days of the date judgment was entered in this action. It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure*. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Mr. Keeylen argues that it was his former counselor, Ms. Shurman, who insisted on improperly completing the Certificate of Prisoner Account stating that Mr. Keeylen had a balance of zero dollars, even when his trust account statement reflects that he had $60.85. He states that he should not be sanctioned as a result of the bad acts of ineffective Department of Correction staff.

Mr. Keeylen's argument is not persuasive. First, the Certificate of Prisoner Account filed on August 2, 2019, was **not** signed by Ms. Shurman. That document appears as follows:

### CERTIFICATE OF PRISONER ACCOUNT

I, the undersigned, certify that Offender, _Victor Keeylen_,

IDOC # _950470_, has a current balance of $ _0_ in his prisoner trust account. I also certify that during the last six (6) months (or _____ months if prisoner has been confined less than six months) that the prisoner's average monthly BALANCE was $ _____.

I further certify that I have attached a true and correct copy of the prisoner trust account statement for the last six months or for the duration of his confinement in the Department of Corrections.

Signed on date: _8/1/19_

_____
Signature of Authorized Official

_____
Printed Name and Job Title
Pendleton Correctional Facility

Dkt. 2-1. Second, the plaintiff filed another case that does include a Certificate of Prisoner Account signed by Ms. Schurman, and that certificate reports a balance consistent with the balance on the trust account statement. *See Keeylen v. Talbot, et al.,* 1:19-cv-2875-JRS-TAB, docket number 6-1 (reporting balance of 30 cents).

The motion to reconsider, dkt [8], is **DENIED.** No manifest error of law or fact or newly discovered evidence calls into question the November 20, 2019, Order and Judgment.

**SO ORDERED.**

Date: 5/20/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

VICTOR KEEYLEN
950970
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064